UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY              :
DISTRICT COUNCIL OF CARPENTERS             :
PENSION FUND, WELFARE FUND, ANNUITY        :
FUND, AND APPRENTICESHIP, JOURNEYMAN       :
RETRAINING, EDUCATIONAL AND                :
INDUSTRY FUND, TRUSTEES OF THE NEW         :
YORK CITY CARPENTERS RELIEF AND            :
CHARITY FUND, THE CARPENTER                :
CONTRACTOR ALLIANCE OF                     :
METROPOLITAN NEW YORK, and the NEW         :
YORK CITY DISTRICT COUNCIL OF              :
CARPENTERS,                                :
                            Petitioners,   :
                                           :
             -against-                     :
                                           :
OGEE CONSTRUCTION LLC,                     :
                                           :
                            Respondent.    :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2020

20-CV-2194 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Petitioners New York City District Council of Carpenters and trustees for employee benefit funds seek confirmation of an arbitration award entered against Respondent Ogee Construction LLC, as well as attorneys' fees and costs, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the petition is GRANTED.

**I.  BACKGROUND**

Petitioners seek to enforce an arbitration award of $62,929.83 plus interest against Respondent entered pursuant to the parties' applicable collective bargaining agreement (the "CBA"). Pet. (Dkt. 1) ¶¶ 1, 16, 29–30; CBA (Dkt. 1-3). According to the Petition, after first executing a collective bargaining agreement around May 2, 2012, Respondent agreed to a series

of successor and extension agreements, such that Respondent has been continuously bound to a collective bargaining agreement since May 2, 2012.  Pet. ¶¶ 10–16.  The CBA requires Respondent to contribute to a set of fringe benefit funds (the "Funds") for every hour worked by a covered union employee, and allows the Funds to audit Respondent to ensure compliance with its contribution obligations.  *Id*. ¶¶ 17–18; CBA Art. XV § 1.  The CBA further requires arbitration of any disputes over such contributions; arbitration can result in an award of unpaid contributions, interest, liquidated damages, attorneys' fees, costs, and other relief.[1]  Pet. ¶¶ 21–23; CBA Art. XV §§ 6–7.

An audit revealed that Respondent had failed to make required contributions from May 2, 2012, through August 8, 2017, prompting arbitration.  Pet. ¶¶ 24–27.  On November 13, 2019, the arbitrator found that Respondent violated the CBA and required Respondent to pay $62,929.83 plus 7.5% interest accruing thereafter; payment of the arbitrator's award remains outstanding.  *Id*. ¶¶ 28–31; Op. & Default Award ("Award") (Dkt. 1-8).[2]

**II.     DISCUSSION**

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless

---

[1]     Article XV, section 6, refers to "proceedings . . . instituted before an arbitrator under Section 14 of this Article," but there is no section 14 in Article XV.  This appears to be a typo, and was instead meant to cross-reference section 7, which is the arbitration clause.

[2]     At the arbitration, no one appeared for Respondent.  The arbitrator found that Respondent received sufficient notice but did not request an adjournment or extension of time to appear.  Award at 1–2.

the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co*, 462 F.3d at 109–10. But "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 110 (quotation omitted).

The Court has reviewed Petitioners' submissions and finds that they have met their burden of production, and the undisputed facts show that the arbitrator's award was properly within the scope of his authority. Petitioners' motion is granted, and the award is confirmed.

Petitioners also seek reimbursement for attorneys' fees and costs.  Pet. ¶¶ 34–41.  Courts may award attorneys' fees in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification . . . ."  *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

The Court finds that an award of fees and costs is justified.  Respondent was bound by the CBA to submit disputes over contributions to arbitration.  Respondent failed to participate in the arbitration proceeding, failed to participate in the instant matter, and has not paid the arbitration award.  Additionally, the CBA entitles Petitioners to reasonable attorneys' fees and costs incurred in collecting delinquent contributions.  *See* Petition ¶¶ 34–35; CBA Art. XV § 6.  Petitioners seek $1,256 in attorneys' fees for 7.4 hours of work, along with $70 for service fees.  Pet. ¶¶ 40–41; Att'y Invoice (Dkt. 1-9).  The Court finds these amounts reasonable, and awards Petitioners $1,326 for fees and costs.

### III.   CONCLUSION

For the reasons stated above, the Court grants the petition to confirm arbitration, awards judgment in Petitioners' favor in the amount of $62,929.83 plus 7.5% prejudgment interest from November 13, 2019, awards an additional $1,326 for attorneys' fees and costs related to this action, and imposes post-judgment interest at the statutory rate, 28 U.S.C. § 1961, until the judgment is paid.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Date:  June 25, 2020**  
**New York, New York**

_____  
**VALERIE CAPRONI**  
**United States District Judge**